[Cite as *State v. Stewart*, 2022-Ohio-2306.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JALEN LEE STEWART | : | Case No. 21-CA-00014 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 20-CR-0100


JUDGMENT:      Affirmed and Remanded


DATE OF JUDGMENT:      June 29, 2022


APPEARANCES:

For Plaintiff-Appellee

JOSEPH A. FLAUTT
111 North High Street
P.O. Box 569
New Lexington, OH 43764-0569

For Defendant-Appellant

SCOTT P. WOOD
120 East Main Street
Suite 200
Lancaster, OH 43130

*Wise, Earle, P.J.*

{¶ 1}　Defendant-Appellant, Jalen Lee Stewart, appeals the May 28, 2021 denial of his motion to suppress by the Court of Common Pleas of Perry County, Ohio.　Plaintiff-Appellee is state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}　On March 4, 2020, law enforcement officers executed a search warrant on a residence located on East Lake Street in Perry County, Ohio.　Appellant was inside along with drugs, drug manufacturing equipment, firearms, and firearm parts.　After the officers secured appellant, he bragged about how he could have shot several of the SWAT officers as they were approaching his residence.

{¶ 3}　On June 16, 2020, the Perry County Grand Jury indicted appellant on several drug counts along with firearm specifications.　Appellant was arraigned and released on a personal recognizance bond.　Thereafter, it came to the attention of law enforcement officers that appellant was building, buying, and selling firearms.

{¶ 4}　On December 4, 2020, a warrant on complaint was filed against appellant on weapons charges.

{¶ 5}　On December 8, 2020, officers obtained a search warrant for the East Lake Street residence and unattached garage for appellant's person to serve upon him the arrest warrant.　The search warrant authorized the officers to conduct a protective sweep of the home and garage.　Officers arrived at the location and set up a perimeter. Explosives were placed on the front door to breach and on the side of the house as a distraction.　Officers knocked and announced their presence.　Appellant exited the residence and closed the door behind him.　He was immediately handcuffed and placed

in a police cruiser. Officers discharged the explosives and cleared the house. The sweep took approximately three to five minutes. No other individuals were found inside; however, contraband was observed leading to a second search warrant wherein items were seized.

{¶ 6} On December 22, 2020, the Perry County Grand Jury indicted appellant on three counts of having weapons while under disability in violation of R.C. 2923.13 and two counts of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17. Some of the counts carried forfeiture specifications pursuant to R.C. 2981.02 and 2981.04.

{¶ 7} On March 22, 2021, appellant filed a motion to suppress, claiming the officers exceeded the scope of the search warrant and conducted an unjustified protective sweep of the home. A hearing was held on April 15, 2021. By judgment entry filed May 28, 2021, the trial court denied the motion, finding sufficient probable cause existed for the issuance of the warrant including the protective sweep, and the officers "acted in objectively, reasonable reliance on the warrant."

{¶ 8} On August 24, 2021, appellant pled no contest to one of the weapons counts and both unlawful possession counts, each with attendant forfeiture specifications. By termination judgment entry filed September 1, 2021, the trial court sentenced appellant to an aggregate term of eighteen months in prison.[1]

---

[1]Although not assigned as error, we note the termination judgment entry erroneously states appellant pled "guilty" instead of "no contest." The trial court found "it to be factually true that said crime was committed by the Defendant as alleged, accepted the Defendant's plea of 'Guilty' and found the Defendant 'Guilty' " of the three listed charges with the forfeiture specifications. Given that the trial court found appellant to be guilty, we find the trial court can correct this clerical error via nunc pro tunc entry on remand. *State v. Ellis,* 5th Dist. Fairfield No. 2020CA00004, 2020-Ohio-3910, ¶ 14-16; Crim.R. 32(C).

{¶ 9} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 10} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS."

I

{¶ 11} In his sole assignment of error, appellant claims the trial court erred in overruling his motion to suppress. We disagree.

{¶ 12} As stated by the Supreme Court of Ohio in *State v. Leak,* 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside,* 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.,* citing *State v. Fanning,* 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 13} As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 94 (1996):

We therefore hold that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

{¶ 14} The Fourth Amendment to the United States Constitution states: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

{¶ 15} A search warrant and its supporting affidavits enjoy a presumption of validity. *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). As held by the Supreme Court of Ohio in *State v. George,* 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), syllabus:

1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, "[t]he task of the issuing

magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* [1983], 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 followed.)

2. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a *de novo* determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. (*Illinois v. Gates* [1983], 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 followed.)

3. The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be

unsupported by probable cause. (*United States v. Leon* [1984], 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, followed.)

{¶ 16} Appellant challenges the protective sweep portion of the search warrant. At the outset, we note the subject warrant has been sealed to protect certain individuals. We are mindful of this fact as we proceed with the opinion.

{¶ 17} The leading case on protective sweeps is *Maryland v. Buie,* 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). In *Buie* at 327, the United States Supreme Court explained: "A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others. It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." The *Buie* court stated at 333:

In the instant case, there is an analogous interest of the officers in taking steps to assure themselves that the house in which a suspect is being, or has just been, arrested is not harboring other persons who are dangerous and who could unexpectedly launch an attack. The risk of danger in the context of an arrest in the home is as great as, if not greater than, it is in an on-the-street or roadside investigatory encounter. * * * A protective sweep, in contrast, occurs as an adjunct to the serious step of taking a person into custody for the purpose of prosecuting him for a crime. Moreover, unlike an encounter on the street or along a highway, an in-home arrest puts the officer at the disadvantage of being on his adversary's "turf."

An ambush in a confined setting of unknown configuration is more to be feared than it is in open, more familiar surroundings.

{¶ 18} "In balancing the Government's interests against an individual's Fourth Amendment rights, it is a bedrock principle that 'it would be unreasonable to require that police officers take unnecessary risks in the performance of their duties.' " *U.S. v. Henry,* 48 F.3d 1282, 1285 (D.C.Cir.1995), quoting *Terry v. Ohio,* 392 U.S. 1, 23, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968).

{¶ 19} On March 4, 2020, law enforcement officers executed a search warrant on appellant's residence. He was inside along with drugs, drug manufacturing equipment, firearms, and firearm parts. After the officers secured appellant, he bragged about how he could have shot several of the SWAT officers as they were approaching his residence. Affidavit at ¶ 3.

{¶ 20} On June 16, 2020, the Perry County Grand Jury indicted appellant on several drug counts along with firearm specifications. Appellant was arraigned and released on a personal recognizance bond. Affidavit at ¶ 4-5.

{¶ 21} Thereafter, it came to the attention of law enforcement officers that appellant was building, buying, and selling firearms. In an investigation involving a separate individual, officers observed photographs sent by appellant to this individual depicting a semi-automatic handgun. One photograph depicted the same firearm with a suppressor device or silencer affixed to the barrel. Another photograph showed appellant holding a firearm while in his bedroom. A photograph of appellant obtained from another source depicted appellant in possession of an assault rifle while dressed in tactical gear.

It was discovered via the United States Postal Service that appellant was purchasing items and receiving packages from a company that sold tactical gear and accessories and parts for assault rifles and handguns. Affidavit at ¶ 7-13.

{¶ 22} On December 4, 2020, a warrant on complaint was filed against appellant on weapons charges. Affidavit at ¶ 15. Also on said date, appellant was with a "known associate" who was photographed holding a semi-automatic handgun along with a threatening caption. Affidavit at ¶ 16.

{¶ 23} On December 8, 2020, a law enforcement officer with the Perry County Sheriff's Office, who serves as the Agent in Charge of the Central Ohio Drug Enforcement Task Force - Perry County Operations (affiant herein), sought a search warrant for the East Lake Street residence and unattached garage for appellant's person to serve upon him the arrest warrant. Affidavit at ¶ 1, 18. The affiant further requested authorization to conduct a protective sweep of the entire residence even if appellant had been located and apprehended. This request was made based upon the stated evidence of tactical/ballistic equipment and firearms in the possession of appellant and his known associate, coupled with the threatening March statement and the threatening caption on the photograph. The affiant stated by conducting the protective sweep, "it will collectively maintain the safety of the law enforcement officers as well as the general public from persons who may launch an attack on unsuspecting officers should they be required to discontinue the search of the home after Stewart is apprehended." Affidavit at ¶ 19. A judge reviewed the affidavit and determined there was probable cause for a search to be made of the East Lake Street residence and unattached garage for appellant's person. The judge also found sufficient probable cause to authorize the protective sweep of the

residence even though appellant had been apprehended. The judge authorized the protective sweep "to ensure the safety of the law enforcement officers and the public at whole."

{¶ 24} Based upon the information provided by the affiant in this case, we find a substantial basis for the finding of probable cause to issue a pre-authorized protective sweep. The affidavit stated appellant had bragged that he could have shot several SWAT officers during his March arrest. He was known to possess firearms in his home. He was known to associate with an individual who also possessed firearms and wrote a threatening caption on a photograph. The judge "had reasonable and reliable information upon which to determine that there was a reasonable probability that someone may be present in the residence that presented a risk of harm to the officers executing the warrant." Appellee's April 28, 2021 Memorandum Contra at 3-4. In conducting our after-the-fact scrutiny of the affidavit submitted in support of the search warrant, we accord great deference to the judge's determination of probable cause and uphold the warrant.

{¶ 25} The actions of the officers in going to appellant's home, placing him under arrest, and conducting the protective sweep of the home were done under the authority of the search warrant. The officers acted within the scope of the warrant.

{¶ 26} Upon review, we find the trial court did not err in overruling appellant's motion to suppress.

{¶ 27} The sole assignment of error is denied.

{¶ 28} The judgment of the Court of Common Pleas of Perry County, Ohio is affirmed, but the matter is remanded to said court for the issuance of a nunc pro tunc termination judgment entry to reflect that appellant pled "no contest."

By Wise, Earle, P.J.

Wise, John, J. and

Delaney, J. concur.

EEW/db